IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS M. DONOHUE,<br><br>    Plaintiff,<br><br>v.<br><br>CAMDEN COUNTY CORRECTIONAL FACILITY; DAVID OWENS, WARDEN; and KATE TAYLOR, WARDEN,<br><br>    Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 17-cv-2750(JBS-AMD)<br><br>**OPINION** |

APPEARANCES:
Thomas M. Donohue, Plaintiff Pro Se
502 State Street
Camden, NJ 08103

**SIMANDLE, District Judge:**

**I.**    **INTRODUCTION**

    1.   Plaintiff Thomas M. Donohue ("Plaintiff") seeks to bring a civil rights action against Camden County Correctional Facility ("CCCF"), David Owens ("Owens") as Warden at CCCF, and Kate Taylor ("Taylor") as Warden at CCCF (Owens and Taylor referred to collectively as "the Individual Defendants") pursuant to 42 U.S.C. § 1983 for allegedly unconstitutional conditions of confinement. (ECF No. 1.)

    2.   At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be

1

granted, or because it seeks monetary relief from a defendant who is immune from such relief.

3. For the reasons set forth below, the Complaint: (a) is dismissed with prejudice as to CCCF; (b) is dismissed with prejudice as to Plaintiff's claims of overcrowding, uncleanly living conditions, and inadequate medical care -- to the extent such claims arose during incarcerations from which Plaintiff was released from CCCF before April 21, 2015; (c) shall proceed against the Individual Defendants as to Plaintiff's claims of overcrowding, uncleanly living conditions, and inadequate medical care -- to the extent such claims arose during incarcerations from which Plaintiff was released from CCCF on or after April 21, 2015; (d) is dismissed without prejudice as to Plaintiff's claim of failure to protect; and (e) is dismissed without prejudice as to Plaintiff's claim of excessive use of force.

## II. BACKGROUND

4. The following factual allegations are taken from the Complaint and are accepted for purposes of this screening only. The Court makes no findings as to the truth of Plaintiff's allegations.

5. Plaintiff alleges he endured unconstitutional conditions of confinement in CCCF from overcrowded conditions of confinement, unsanitary living conditions, and inadequate

medical care. (ECF No. 1 at 5-7.) Plaintiff also asserts claims for failure to protect and excessive use of force. (*Id*. at 7.)

6. Plaintiff alleges that these events occurred "for more th[a]n 1400 days since 12/22/2012." (*Id*. at 2.)

7. Plaintiff contends that he sustained injuries such as "lumbar disk problems and sciatica," depression, a fungal infection of the scalp with associated hair loss, and "7 MRSA lesions" in connection with the alleged events. (*Id*. at 6-7.)

8. As to requested relief, Plaintiff seeks: transfer to a detention facility located in another state[1]; "compensat[ion] at the maximum levels for my damages sustained during my 1,400+ days of incarceration," and for this Court "to hold all involved parties accountable to the highest degree." (*Id*. at 7-8.)

---

[1] Plaintiff seeks transfer from CCCF to another correctional facility (ECF No. 1 at 7), but it is not within this Court's power or authority to order such relief. Under New Jersey law, the Commissioner of the Department of Corrections has broad authority to confine inmates in any penal institution. *See*, *e.g.*, N.J. Stat. Ann. § 30:4-85; *Jenkins v. Fauver*, 108 N.J. 239, 252 (1987); *Dozier v. Hilton*, 507 F. Supp. 1299, 1306 (D.N.J. 1981) (a prison inmate has no right or justifiable expectation under New Jersey law as to transfer from one prison to another). *See also Meachum v. Fano*, 427 U.S. 215, 224-25 (1976) ("That life in one prison is much more disagreeable than in another does not in itself [implicate] a Fourteenth Amendment liberty interest"); *Olim v. Wakinekona*, 461 U.S. 238, 248 n.9 (1983) ("A conviction . . . empowers the State to confine the inmate in any penal institution in any State unless there is state law to the contrary or the reason for confining the inmate in a particular institution is itself constitutionally impermissible"). Accordingly, Plaintiff's request for transfer from CCCF to another institution must be denied.

## III. STANDARDS OF REVIEW

### A. Standards for a Sua Sponte Dismissal

9. Section 1915(e)(2) requires review of complaints prior to service in cases in which plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*. (ECF No. 2.)

10. To survive sua sponte screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### B. Section 1983 Actions

11. A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. That statute provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.

12. To state a claim for relief under § 1983, a plaintiff must allege: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## IV. DISCUSSION

13. Plaintiff's claims of unconstitutional conditions of confinement at CCCF due to overcrowding, uncleanly conditions, and inadequate medical care will be dismissed in part and will proceed in part, as explained below.

### A. Claims Against CCCF: DISMISSED WITH PREJUDICE

14. Plaintiff's claims against CCCF must be dismissed with prejudice because CCCF is not a "state actor" within the meaning of § 1983. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F.

Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983).

    **B.**    <u>**Overcrowding Claim: WILL PROCEED AS AGAINST THE INDIVIDUAL DEFENDANTS**</u>

15. Construing the Complaint liberally and giving Plaintiff the benefit of all reasonable inferences, he has sufficiently stated a claim for unconstitutionally overcrowded conditions of confinement against the Individual Defendants.

16. Specifically, Plaintiff alleges that the overcrowded conditions of "5 people in a cell designed for 1 which is barely tolerable with 2 in a cell" resulted in him "sleeping on a cement floor with ½ of your body under a steel rack 6"-9" off the floor or if there are 4 in a cell ½ of your body under a steel bench 3"-15" off the cement floor." (ECF No. 1 at 6.) He maintains that these conditions "have made my symptoms / disabilities significantly worse than they have ever been, and I never suffered from sciatica until my 1st arrest in Dec. of 2012 . . . I have now had cervical disk misalignment & subluxations caused directly / exclusively because of sleeping on a cement floor & half under a steel rack (the beds) and the near impossibility to obtain proper non-traumatic lumbar & cervical positioning when attempting to sleep. The intentional infliction of sleep depr[i]vation [is] due to gross overcrowding." (*Id*. at 6-7 (referred to as the "Overcrowding Claim").) Plaintiff

6

alleges that "sleep[ing] on this jail floor has been directly responsible for sciatica exacerbation, lumbar disk pathologic exacerbation, and r[ight] & l[eft] leg sciatica." (*Id.* at 5-6.) Plaintiff further states that "[d]uring this time I have spoken directly to Director Owens [and] Warden Taylor about the overcrowding." (*Id.* at 5.)

17. "[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment'" (quoting *Bell*, 441 U.S. at 542). Overcrowding leading to conditions that "cause inmates to endure such genuine privations and hardship over an extended period of time" and that "become excessive in relation to the purposes assigned to them" does constitute unconstitutional punishment, however. *Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (internal citations and quotation marks omitted). Due process analysis requires courts to consider whether the totality of confinement conditions "cause[s] inmates to endure such genuine privations

7

and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them." *Hubbard*, 538 F.3d at 233.

18. Here, liberally construing the Complaint as this Court is required to do, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013), Plaintiff has alleged sufficient facts to plausibly support a reasonable inference that an unconstitutional overcrowding violation occurred in order to survive review under § 1915. Considering the totality of the circumstances alleged by Plaintiff, the Court finds that he has sufficiently pled that he experienced unconstitutionally punitive conditions at CCCF. Furthermore, Plaintiff has also alleged the requisite "personal involvement by [individual jail personnel] in a[] constitutional violation." *Baker v. Flagg*, 439 F. App'x 82, 84 (3d Cir. 2011) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). *See also Bob v. Kuo*, 387 F. App'x 134, 136 (3d Cir. 2010) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution") (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

19. The Overcrowding Claim shall therefore be permitted to proceed against the Individual Defendants in their individual capacities.

**C.  Uncleanly Conditions Claim: WILL PROCEED AS AGAINST THE INDIVIDUAL DEFENDANTS**

20.  Plaintiff states that CCCF had "unsanitary conditions (generalized filth in all areas of this jail), including but not limited to mold growing in every shower & common area lavatory, rodents in the living areas & rodent infestation in the jail's kitchen, common area & cell floors, walls and ceilings covered with stains from who knows what from top to bottom." (ECF No. 1 at 5 (referred to as the "Uncleanly Conditions Claim").)

21.  A failure of prison officials to provide minimally civil conditions of confinement to pre-trial detainees violates their right not to be punished without due process of law. *Reynolds v. Wagner*, 128 F.3d 166, 173-74 (3d Cir. 1997).

22.  Pursuant to the Fourteenth Amendment's Due Process Clause, prison officials must satisfy "basic human needs -- *e.g.*, food, clothing, shelter, medical care, and reasonable safety." *Helling v. McKinney*, 509 U.S. 25, 32 (1993). When a pretrial detainee complains about the conditions of his confinement, courts are to consider, in accordance with the Fourteenth Amendment, whether the conditions "amount to punishment prior to an adjudication of guilt in accordance with law." *Hubbard v. Taylor*, 399 F.3d 150, 158 (3d Cir. 2005). Courts must inquire as to whether the conditions "'cause [detainees] to endure [such] genuine privations and hardship

over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them.'" *Id*. at 159-60 (citations omitted). The objective component of this unconstitutional punishment analysis examines whether "the deprivation [was] sufficiently serious," and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007) (citing *Bell*, 441 U.S. at 538-39, n.20), *cert. denied*, *Phelps v. Stevenson*, 552 U.S. 1180 (2008).

23. Here, Plaintiff alleges sufficient facts to satisfy the objective and subjective components of Fourteenth Amendment Due Process analysis pertinent to the Uncleanly Conditions Claim

24. As to the test's objective prong, Plaintiff offers these facts about the supposed uncleanly conditions jeopardizing his health and causing him injuries: "I have written to this jail's administration at least 20 times regarding health issues caused by the overcrowding and apathetic staff and of course grossly unsanitary conditions and gotten virtually NO POSITIVE response from any staff but of course I have been sanctioned for voicing my educated opinion. (I have a nursing degree & a respiratory therapy degree & more th[a]n 20 years of actual clinical experience . . . [While at CCCF], I contracted a fungal infection in my scalp . . . I'm still missing a huge area of scalp hair on the front of my head above my left eye . . . I

have also contracted 7 MRSA lesions." (ECF No. 1 at 5, 7.) These facts plausibly suggest that Plaintiff's housing conditions as he describes them were imposed as "punishment."

25. As to the constitutional test's subjective prong, Plaintiff has alleged facts plausibly raising a reasonable inference that CCCF personnel were aware of, and disregarded, a substantial risk to Plaintiff's health and safety from uncleanly conditions. (*Id*. at 5 ("I have written to this jail's administration at least 20 times regarding health issues caused by the overcrowding and apathetic staff and of course grossly unsanitary conditions and gotten virtually NO POSITIVE response from any staff but of course I have been sanctioned for voicing my educated opinion").)

26. Accordingly, the Uncleanly Conditions Claim shall proceed as against the Individual Defendants in their individual capacities.

### D. Inadequate Medical Care Claim: WILL PROCEED AS AGAINST THE INDIVIDUAL DEFENDANTS

27. Plaintiff claims that "the jail would NOT screen my blood for HEPC" after he inadvertently "shaved with the same razor" as his cellmate who "is hepatitis C & B positive." Plaintiff states: "I cut myself [while shaving] several times . . . So now there is a very good chance I'm also Hep C positive. Being a RN & RRT, I had been vaccinated for HEP B years ago, but

11

I've now most likely contracted HEPC because of the blood to blood contact." (ECF No. 1 at 7 (referred to as the "Inadequate Medical Care Claim").)

28. To allege a prima facie claim for violation of the right to adequate medical care, a pretrial detainee must allege: (a) a serious medical need; and (b) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003); *Bocchino v. City of Atlantic City*, 179 F. Supp.3d 387, 403 (D.N.J. 2016).

29. To satisfy *Estelle*'s first prong, an inmate must demonstrate that his medical needs are serious. *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (internal quotations and citations omitted).

30. *Estelle*'s second element is subjective and "requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need." *Holder v. Merline*, No. 05-1024, 2005 WL 1522130, at *4 (D.N.J. June 27, 2005) (citing *Natale*, 318 F.3d at 582).

31. Here, the Complaint alleges sufficient facts supporting a reasonable inference that a constitutional violation from inadequate medical care has occurred.

32. First, Plaintiff's allegation of hepatitis B exposure plausibly suggests a serious medical condition for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." *Atkinson*, 316 F.3d at 272-73 (3d Cir. 2003).

33. Second, Plaintiff offers facts raising a reasonable inference that he alerted CCCF personnel to his serious medical need, but they disregarded the risk to his health or safety. *Holder*, 2005 WL 1522130, at *4 (citing *Natale*, 318 F.3d at 582 and *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)).

34. Therefore, the Inadequate Medical Care Claim shall proceed as against the Individual Defendants in their individual capacities.

    **E.**    **Failure to Protect Claim: DISMISSED WITHOUT PREJDICE**

35. Plaintiff alleges that he "was the near victim of a sexual assault . . . A 6'1" 285+ pound man ripped my underwear attempting to rip them off so he could rape me I suppose. [I]f you think someone is going to 'rat' on someone for a repulsive act like that you[']r[e] kidding yourself." (ECF No. 1 at 7) (referred to as the "Failure to Protect Claim").)

36. Given that Plaintiff is a *pro se* litigant and the Court is required to construe the Complaint liberally, the Court will proceed to review the Failure to Protect Claim as against the Individual Defendants. However, Plaintiff has not offered

13

any facts from which this Court could reasonably infer a constitutional violation as to this Claim.

37. In order to state a claim for failure to protect, a plaintiff must plead facts showing that: "(1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the [defendant] was deliberately indifferent to that substantial risk to his health and safety, and (3) the [defendant's] deliberate indifference caused him harm." *Bistrian v. Levi*, 696 F.3d 352, 366-67 (3d Cir. 2012). "'Deliberate indifference' in this context is a subjective standard: the prison official-defendant must actually have known or been aware of the excessive risk to inmate safety." *Id.* at 367 (citing *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001)). "It is not sufficient that the official should have known of the risk." *Bistrian*, 696 F.3d at 367 (citing *Beers-Capitol*, 256 F.3d at 133 (citing *Farmer*, 511 U.S. at 837-38)).

38. Plaintiff's conclusory and unsupported contention that he "suppose[s]" that he was "the near victim" of a sexual assault (ECF No. 1 at 7) is insufficient to demonstrate that "he was incarcerated under conditions posing a substantial risk of serious harm." *Bistrian*, 696 F.3d at 367.

39. Moreover, the Complaint does not allege any facts suggesting that the purported assault occurred as a result of deliberate indifference by CCCF personnel. *Burton v. Kindle*, 401

F. App'x 635, 637 (3d Cir. 2010). Defendants "must actually have been aware of the existence of the excessive risk; it is not sufficient that [Defendants] should have been aware." *Beers-Capitol*, 256 F.3d at 133 (citing *Farmer*, 511 U.S. at 837-38). Plaintiff here has offered no facts showing that any correctional officers were aware of any risk whatsoever to Plaintiff's safety in his CCCF cell (let alone that such risk was substantial) or that the officers were deliberately indifferent to such. In fact, Plaintiff acknowledges that CCCF personnel did *not* know of the alleged event. (ECF No. 1 at 7.)

40. Accordingly, the Failure to Protect Claim will be dismissed without prejudice, with leave to amend the Complaint, within 30 days after the date this Opinion and Order are entered on the docket, to meet the pleading deficiencies noted above. If he wishes to pursue the Failure to Protect Claim, Plaintiff bears the burden of supplying the facts of the claim, as discussed above. The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court in this Opinion and the accompanying Order.

   **F.   Excessive Force Claim: DISMISSED WITHOUT PREJUDICE**

41. Plaintiff alleges that he was "physically assaulted 5 other times including once by a guard Thomas Grazmic who was fired for other reasons but his brutal assault on me was covered up & I was told to 'let it go' so something worse did not happen

to me." (ECF No. 1 at 7 (referred to as the "Excessive Force Claim").) Plaintiff seeks to "hold all involved parties accountable to the highest degree for a criminal incident perpetrated against me by C.C. Jail guards on 7/8/2016 which has been covered up intentionally by this facility." (*Id*. at 8.) Although not specified in the Complaint, this Court construes this Claim as a contention that Plaintiff suffered physical abuse amounting to a violation of his constitutional rights.

42. Even construing the Complaint liberally and giving Plaintiff the benefit of all reasonable inferences, he has not stated a claim for unconstitutionally excessive use of force.

43. A pretrial detainee's claim of excessive force is governed by "the Due Process Clause [of the Fourteenth Amendment, which] protects a pretrial detainee from the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015) (quoting *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). To state a claim for use of excessive force, a pretrial detainee must prove that the force purposely or knowingly used against him was objectively unreasonable, meaning that the actions were not rationally related to a legitimate nonpunitive governmental purpose. *Kingsley*, 135 S.Ct. at 2473. Some objective circumstances "potentially relevant to a determination of excessive force" include "the relationship between the need for the use of force

and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id*. at 2473 (citing *Graham*, 490 U.S. at 396). The "objective reasonableness [standard] turns on the 'facts and circumstances of each particular case.'" *Id*.

    44.   However, the Complaint here does not set forth any facts for the Court to infer whether a constitutional violation occurred. Plaintiff complains of "brutal assault" (ECF No. 1 at 7), but the circumstances surrounding the incident are left to speculation. Mere labels and conclusory statements without factual grounds do not suffice to state a claim.

    45.   The Excessive Force Claim therefore fails to state a cause of action and shall be dismissed without prejudice. However, the Court shall grant Plaintiff leave to amend the Complaint within 30 days after the date this Opinion and Order are entered on the docket. Plaintiff is further advised that any amended complaint must plead specific facts regarding whether particular CCCF officials acted with a sufficiently culpable state of mind to cause Plaintiff harm.[2]

---

[2] The amended complaint shall be subject to screening prior to service.

46. Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

## V. **CONCLUSION**

47. Plaintiff's Complaint is dismissed with prejudice in part, is dismissed without prejudice in part, and shall proceed in part as follows:

    a. The Complaint is dismissed with prejudice as to CCCF;

    b. The Complaint is dismissed with prejudice as to the Overcrowding Claim, Uncleanly Conditions Claim, and Inadequate Medical Care Claim to the extent such claims arose during incarcerations from which Plaintiff was released before April 21, 2015, meaning that Plaintiff

18

cannot recover for those claims because they have been

brought too late[3];

    c.    The Complaint shall proceed against the

Individual Defendants as to the Overcrowding Claim,

Uncleanly Conditions Claim, and Inadequate Medical Care

Claim to the extent such claims arose during

incarcerations from which Plaintiff was released on or

after April 21, 2015;

    d.    The Complaint is dismissed without prejudice as

to the Failure to Protect Claim; and

---

[3] Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014). Here, Plaintiff alleges the events giving rise to his claims occurred while he was detained "for more than 1400 days since Dec. 22, 2012." (ECF No. 1 at 5.) Allegedly unconstitutional conditions at CCCF would have been immediately apparent to Plaintiff during detention. Therefore, to the extent the Complaint seeks relief for conditions Plaintiff encountered during periods of confinement that ended prior to April 21, 2015, those claims are barred by the statute of limitations because the two-year statute of limitations expired before the Complaint was filed on April 21, 2015. Although courts may extend statutes of limitations in the interests of justice, certain circumstances must be present. Tolling is not warranted here because Plaintiff has not been "actively misled" as to the existence of his causes of action, there are no extraordinary circumstances that prevented Plaintiff from filing his claims, and there is nothing to indicate he filed his claims on time but in the wrong forum. *See Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).

e. The Complaint is dismissed without prejudice as to the Excessive Use of Force Claim.

An appropriate order follows.

**May 1, 2018**  
Date

**s/ Jerome B. Simandle**  
JEROME B. SIMANDLE  
U.S. District Judge